# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## PARKERSBURG DIVISION

CHARLES ELLIS,

        Petitioner,

v.                                                         CIVIL ACTION NO. 6:10-cv-00041
                                                             (Criminal No. 6:06-cr-00037-1)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255 [Docket 159]. By Standing Order entered August 1, 2006, and filed in this case on January 14, 2010, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R [Docket 172] on January 4, 2011, recommending that this Court deny Petitioner's § 2255 motion.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366

(4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner filed objections to the Magistrate Judge's PF&R on April 19, 2011 [Docket 178]. Specifically, Petitioner objects: 1) that Agent Price's testimony regarding the interviews of two witnesses was impermissible hearsay and counsel was ineffective for not objecting, 2) that he can show prejudice resulting from the admission of a certificate that he was not a licensed firearms dealer, and 3) that there was insufficient evidence to show witness tampering. The Court will address each objection in turn.

First, Petitioner objects to the finding "that the case agent's testimony recounting in detail his interviews with the two key witnesses was 'not objectionable.'" (Docket 178 at 1.) He argues:

> When Agent Price testified that both Ms. Adams and Ms. Heath told him that they purchased guns for the Petitioner, it was impermissible hearsay and counsel was ineffective for not objecting. This prejudiced the Petitioner in that it allowed the government to bolster their case and the key witness' credibility through the use of inadmissible hearsay.

(*Id.*) The Magistrate Judge found that Agent Price "simply related the steps of the investigation," and did not repeat Ms. Heath's testimony. (Docket 172 at 10.) Therefore, "[t]here was nothing objectionable about his testimony." (*Id.*) At the beginning of Agent Price's testimony, the Government asked him about the investigation and if he talked to any witnesses. (Docket 139-2 at 48.) Agent Price responded that he did talk to witnesses and one of them was Dana Heath. (*Id.*) When asked what he talked to her about, Agent Price stated:

> [T]his case started out as an investigation of firearms that were going from Parkersburg, West Virginia, to Boston, Massachusetts, and another individual was identified. And through that investigation, I interviewed an individual named Jeffrey Finch.
>
> When I interviewed Jeffrey Finch, Jeffrey finally stated there was a black female in the Parkersburg area by the name of Dana, last name unknown, that had purchased firearms at one time in the Parkersburg area . . . . [The ATF tracing system] shows that Dana Heath had purchased firearms that turned up in crimes in Boston, Massachusetts.
>
> So, after that was conducted, I knew there was a link from Dana Heath to Boston, Massachusetts. And, therefore, I went to talk to Dana Heath about why her firearms showed up in Boston, Massachusetts.

(*Id.* At 49.) The Government then asked: "And the first time you talked to her is when she told you that she bought them for Charles Ellis?" Agent Price responded: "That's correct, because I had no idea that Charles Ellis—I don't even know Charles Ellis's name. I didn't know who he was. But Dana Heath stated it was Charles, Charles Ellis." (*Id.* at 50.) This is the only exchange where Agent Price discusses what Dana Heath told him.

Subsequently, the Government asked "How did you find out about Kristine Adams?" (*Id.* at 52.) Agent Price testified that he again used the ATF tracing system, which led him to an individual that stated he had traded a firearm into the pawn shop. Agent Price went to the pawn shop and someone there indicated that the gun had been resold to Kristine Adams. He stated, "the next logical person to talk to to find out what happened to that firearm would be Kristine Adams." (*Id.*) The testimony about Kristine Adams continued:

Q. Did you suggest the name Charles Ellis to her?

A. No, sir.

Q. What did you ask her?

> A. Basically, I started with, "Have you ever purchased any firearms in Parkersburg, West Virginia?" And immediately she stated that she had.
>
> Q. Did you ask her what she did with them?
>
> A. Yes. She stated she provided them to Charles Ellis.

(*Id.* at 53.) Petitioner's counsel did not object to either of the instances where Agent Price mentioned Dana Heath and Kristine Adams.

Hearsay, is defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Rule 802 of the Federal Rules of Evidence provides the general rule that hearsay is not admissible; however several exceptions may apply. If a statement by an out-of-court declarant is offered for some other purpose than to prove the truth of the matter asserted in the statement, then it is not hearsay, and is admissible. *Anderson v. United States*, 417 U.S. 211, 219 (1974). Because there was no objection to the testimony, the Government did not have an opportunity to explicitly state why the statement was being offered into evidence. However, it is clear from the trial transcript that the statements were being offered to explain Agent Price's investigation. The Court agrees with the Magistrate Judge's assessment that this testimony was not objectionable and that the testimony did not constitute inadmissible hearsay. Even if the testimony was objectionable, counsel was well within the range of reasonable professional conduct to choose not to object, especially since he had already heard the witnesses testify to the same matters. Under these circumstances, the decision not to object to the testimony does not approach ineffective assistance of counsel. Accordingly, this objection is **OVERRULED**.

Next, Petitioner objects, arguing that he can show prejudice resulting from the admission of the firearms dealer certificate. His objection states:

> The Petitioner objects to the finding . . . that he cannot show prejudice in the error resulting from the admission of the firearms dealer certificate without the writer being subject to cross-examination. The Magistrate acknowledged the importance of the argument that the admission of the certificate was in violation of *Crawford v. Washington*, 541 U.S. 36 (2004). The court ruled, however, that there was no prejudice because a reversal of the firearms dealing counts on these grounds would not have an effect on the sentence, due to various guideline enhancements related to the other firearm offenses. On the contrary, nearly all of the enhancements (number of guns (§2K2.1(b)(1)), trafficking (§2K2.1(b)(5)), major role (§3B1.1), and knowing the guns would be used in the commission of another felony (§2K2.1(b)(6)) were based on the premise that the Petitioner ran an extensive, illegal gun trafficking business. Had there been no conviction on the firearms dealing counts, the Petitioner would not have been subjected to those Guideline enhancements, as it was the erroneously admitted certificate that rendered his conduct illegal and the erroneous conviction that led to those enhancements.

(Docket 178 at 1-2.) The Magistrate Judge found that Petitioner cannot show he was prejudiced by the admission of a certificate indicating that there was no record that Charles Ellis ever held a license to deal firearms. (Docket 172 at 18-19.)[1] Further, the Magistrate Judge stated "the evidence before the jury as to Count One's essential element that Defendant lacked a federal firearms license but nonetheless engaged in the business of dealing in firearms from December 1999 to November 2002, was solely [the certificate]. The same is true as to Count Seven." (*Id.* at 16-17.) However, the Magistrate Judge also found that based on the sentencing hearing transcript and the PSR, the convictions on Counts One and Seven had "no effect whatsoever on his sentence." (*Id.* at 19.)

The Court has also reviewed relevant portions of the sentencing hearing transcript and the PSR and agrees with the Magistrate Judge's assessment. Counts One and Seven were grouped under

---

[1] Because Petitioner could not show prejudice, the Magistrate Judge was not required to address cause. *United States v. Frady*, 456 U.S. 152 (1982).

-5-

U.S.S.G. § 3D1.2, and if they had been left out of the Guideline calculation, the offense level would have remained the same. Because Petitioner committed the offense subsequent to sustaining two felony convictions of either a crime of violence or a controlled substance offense, his base offense level was 24 under § 2K2.1. Petitioner received enhancements under § 2K2.1(b)(1)(B), eight levels because the offense involved 120 guns, and § 2K2.1(b)(4), two levels because a firearm had an altered serial number. However, under § 2K2.1(b)(1)(4), these enhancements were capped at 29. Under § 2K2.1(b)(5), Petitioner received an enhancement of four more levels because he possessed or transferred a firearm with knowledge, intent , or reason to believe that it would be used or possessed in connection with another felony offense. He also received a § 3B1.1(a) enhancement of four levels for being an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Finally, the offense level was increased by two levels under § 3C1.1 because of his conversations encouraging witnesses to lie. His total offense level was found to be 39. Neither the base offense level nor the enhancements would have been different if Counts One and Seven were taken out of the Guidelines calculation. Therefore, the Court **OVERRULES** this objection.

> Petitioner's final objection states:
>
> Petitioner objects to the finding . . . that there was sufficient evidence of witness tampering . . . as there was no evidence presented at trial [that] Defendant threatened the witnesses and no subpoena was ever introduced into evidence showing that the witnesses had actually been compelled to testify before the grand jury. Moreover, simply responding to a request for advice and stating, among other things, "tell them the guns are stolen" is not "corruptly persuading" within the meaning of the witness tampering statute. 18 U.S.C. § 1512.

(Docket 178 at 2.) In order to convict under § 1512, the Government is required to prove: 1) that the defendant obstructed, influenced, or impeded an official proceeding [or attempted to do so]; 2)

that the defendant did so corruptly; and 3) that the defendant knew about the proceeding. *See United States v. Crandle*, 274 F. App'x 324, 327 (4th Cir. 2008) (citing *United States v. Brooks*, 111 F.3d 365, 372 (4th Cir. 1997)). An "official proceeding" includes a proceeding before a Federal grand jury, 18 U.S.C. § 1515(a)(1)(A), however, it need not be pending or about to be instituted at the time of the offense, 18 U.S.C. § 1512(f)(1).

Petitioner argues that because a subpoena was not introduced at trial, there was insufficient evidence to prove a § 1512(b) violation. This argument is of no significance. In the recorded phone conversations, Dana Heath and Kristine Adams told Petitioner that they had been given subpoenas to testify before a federal grand jury concerning firearms dealing. In both conversations with these women, Petitioner told them to lie when speaking to investigators and testifying in front of the grand jury.

Further, Petitioner argues that what he told the witnesses did not amount to corrupt persuasion under § 1512. To act corruptly means to act with the purpose of wrongfully impeding the administration of justice. *United States v. Barbeito*, 2010 WL 2243878, *44 (S.D. W. Va. 2010). The Government introduced a disc containing two conversations: one between Petitioner and Dana Heath and one between Petitioner and Kristine Adams. In both conversations, Petitioner tells the Dana Heath and Kristine Adams to lie. In considering Petitioner's Rule 29 motion at trial, Judge Goodwin stated: "As to the witness tampering counts, as you characterize them, the audio tapes as played clearly contain evidence . . . from which a reasonable jury could conclude beyond a reasonable doubt that this defendant was engaged in the acts . . . prohibited by that statute." (Docket 140 at 36.) Petitioner argues that the conversations simply were "advice" to the witnesses and that saying "tell them the guns are stolen" is not a violation of § 1512. This objection is patently without

merit. Petitioner's motive was obviously improper and done to interfere with an official proceeding. The evidence is sufficient to support a § 1512 conviction. Consequently, Petitioner's third objection is also **OVERRULED**.

For the reasons stated above, the Court **ADOPTS** the PF&R [Docket 172], **DENIES** Petitioner's § 2255 motion [Docket 159], and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 6, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE